IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 18-cr-03048-01-MDH |
| ) | |
| JONATHAN M. VANCE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant's *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Part A (the "status-point" provision) and Part B (the "zero-point" provision) of Amendment 821 to the Sentencing Guidelines. (Doc. 47). The government has filed a response stating because defendant is serving a sentence imposed upon revocation of his supervised release and U.S.S.G. § 1B1.10 does not permit a court to reduce such a term based on a retroactive guideline amendment Defendant is ineligible for a reduction under § 3582(c)(2) (Doc. 51).

Following a guilty plea, defendant was convicted of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Court imposed a sentence of 57 months' imprisonment to be followed by three years of supervised release. Defendant subsequently violated the terms of his supervised release, and this Court imposed a revocation sentence of 24 months' imprisonment with no supervision to follow.

In general, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception: "in the case of a defendant who has been sentenced to

a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the court may reduce the term of imprisonment where such reduction is consistent with the applicable policy statement, U.S.S.G. § 1B1.10, and after considering the applicable factors listed in 18 U.S.C. § 3553(a). "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10 cmt. n.8(A).

Defendant is serving a term of imprisonment upon revocation of supervised release. As a result, a reduction based on Amendment 821 would not be consistent with § 1B1.10 and therefore is not authorized under § 3582(c)(2). Defendant is, accordingly, ineligible for a reduction in sentence.

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATED: July 9, 2024  */s/ Douglas Harpool*  
**DOUGLAS HARPOOL**  
**UNITED STATES DISTRICT JUDGE**